IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBRA A. WENDORFF                                                    PLAINTIFF

vs.                                        Civil No. 2:12-cv-02033

CAROLYN W. COLVIN                                                 DEFENDANT
Commissioner, Social Security Administration

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Debra A. Wendorff ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and

a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments of counsel, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff protectively filed her disability applications on December 16, 2008.  (Tr. 13, 148-

157).[1]  In her applications, Plaintiff alleges she is disabled due to migraines, back issues, thyroid,

shoulders, and fibromyalgia.  (Tr. 220).  Plaintiff alleges these impairments cause her the following

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

limitations: "I can not physically do any work. Wt limits.  Can't think when I have migraines.  I also get strokes due to stress."  *Id.*  Plaintiff alleges an onset date of June 15, 2007.  (Tr. 220).  These applications were denied initially and again upon reconsideration.  (Tr. 92-96).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 29-90).  An administrative hearing was held in Boise, Idaho.  *Id.*  Plaintiff was present at this hearing and was represented by counsel.  *Id.*  Plaintiff, Plaintiff's husband, and Vocational Expert ("VE") Beth Cunningham testified at this hearing.  *Id.*  During this hearing, Plaintiff testified that she was fifty-seven (57) years old, which is defined as a "person of advanced age."  (Tr. 39).  *See* 20 C.F.R. § 404.1563(e) (2008) (DIB) and 20 C.F.R. § 416.963(e) (2008) (SSI).

On June 21, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications.  (Tr. 10-23).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2011.  (Tr. 15, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 15, 2007, her alleged onset date.  (Tr. 15, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: hypothyroidism; headaches; degenerative disc disease of the lumbar spine; osteoarthritis SI joints; degenerative joint disease of the right shoulder; and irritable bowel syndrome.  (Tr. 15-18, Finding 3).  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listings in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  (Tr. 18, Finding 4).

The ALJ then evaluated the credibility of Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 19-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ

found Plaintiff retained the following RFC: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(a) and 416.967(a)." *Id.* The "full range of light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ determined Plaintiff's PRW included work as a legal secretary. *Id.* The ALJ determined Plaintiff's RFC did not preclude her from performing this PRW. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 15, 2007 through the date of his decision or through June 21, 2011. (Tr. 23, Finding 7).

Thereafter, on June 30, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On November 27, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 30, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.   <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox*, 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in assessing her RFC; (2) the ALJ erred in assessing her credibility; and (3) the ALJ erred at Step Four of the Analysis. ECF No. 10 at 1-20. Because the ALJ erred in assessing Plaintiff's RFC, the Court will only address Plaintiff's first argument for reversal. Specifically, the Court finds the ALJ's RFC determination is not supported by substantial evidence in the record because the ALJ improperly based his RFC determination upon the opinions of non-examining, non-treating consulting physicians and disregarded the findings of the only physicians who examined Plaintiff.

In his opinion, the ALJ first summarized Plaintiff's medical records. (Tr. 19-22). After summarizing those records, the ALJ assigned different weights to those medical records. *Id.* Included in the record were two reports from consultative physicians who had examined Plaintiff (Tr. 325-327, 430-436), records from Plaintiff's treating physicians who had examined Plaintiff, and findings from state agency consulting physicians who had not examined Plaintiff. (Tr. 300-816).

In his decision, the ALJ afforded "limited weight to the findings" of the two consulting physicians who had actually examined Plaintiff. (Tr. 22). Further, it appears the ALJ did not place any functional limitations on Plaintiff based upon the records from her treating physicians. *Id.* The ALJ did not include their opinions in his findings because Plaintiff's "ongoing treatment providers" had not provided any opinions regarding her limitations.[2] *Id.* The only remaining opinions consistent with the ALJ's RFC determination were those of the non-examining state agency consulting physicians. (Tr. 21-22). Indeed, those examiners found Plaintiff could only perform "light exertional level" work "with some additional limitations," and the ALJ even disregarded those findings and, based upon his own reasoning, determined Plaintiff could perform the "full range of light work." (Tr. 22).

Accordingly, the Court finds that because the ALJ based his RFC determination upon the opinions of non-examining state agency consultants and his own arbitrary reasoning, the ALJ's RFC determination is not supported by substantial evidence. *See Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998) ("The opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence"). Thus, because the RFC determination is not supported by substantial evidence in the record, this case must be reversed and remanded.

4.    <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be **reversed and remanded.**

    **The Parties have fourteen (14) days from receipt of this Report and Recommendation**

---

[2] It should be noted that if he thought those opinions were important, it was the ALJ's responsibility to try to obtain those opinions from Plaintiff's treating physicians. *See* 20 C.F.R. § 404.1512(e) (2012).

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

   **ENTERED this 30th day of December 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
